UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

Georgina Stephens and Larry Alexander
*a married couple*,

    Plaintiffs,

v.

Federal National Mortgage Association,
*a federally chartered corporation*, all
unknown successors, and all other persons
unknown claiming any right, title, interest
or lien in the real estate described in the
complaint herein and John and Jane Doe,

    Defendants.

Case No. 12-cv-2453 (JRT/SER)

**REPORT AND**
**RECOMMENDATION**

_____

Georgina Stephens, *pro se*, and Larry Alexander, *pro se*, Post Office Box 40293, St. Paul, Minnesota 55104.

Kendall L. Bader, Esq., Barnes & Thornburg LLP, 225 South Sixth Street Suite 2800, Minneapolis, Minnesota 55402 for Defendant Federal National Mortgage Association.
_____

STEVEN E. RAU, United States Magistrate Judge

    This matter came before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). (Order of Reference dated Nov. 5, 2012) [Doc. No 7].

    A hearing on the motion was scheduled for 2:00 PM on January 23, 2013. Defendant Federal National Mortgage Association ("Fannie Mae") entered an appearance; Plaintiffs Georgina Stephens and Larry Alexander ("Plaintiffs"), the moving party, did not appear. The Court waited until 2:15 PM, at which time Plaintiffs were still absent. For the reasons set forth

below, the Court denies Plaintiffs' purported Motion to Amend the Complaint,[1] and recommends Plantiffs' Motion to Remand be denied. (Pls.' Mot. to Remand and Am. Compl.) [Doc. No. 2].

## I. BACKGROUND

### A. Factual Background

Plaintiffs are a married couple and citizens of Minnesota. In 2012, they filed a *pro se* complaint in this District, alleging Fannie Mae, it successors, and several fictitious defendants ("John and Jane Doe") violated various Minnesota state laws governing mortgage foreclosure proceedings. (Compl.) [12-cv-2001 (ADM/JJG) Doc. No. 1].

Along with their federal complaint, Plaintiffs filed an application for leave to proceed *in forma pauperis*. (Appl. to Proceed in District Ct. without Prepaying Fees or Costs "IFP Application") [12-cv-2001 (ADM/JJG) Doc. No. 2]. Magistrate Judge Jeanne J. Graham denied Plaintiffs' IFP Application on August 16, 2012, but granted them an opportunity to pay the normal $350.00 filing fee and proceed with their case if they chose to do so. (Order on Appl. for Leave to Proceed *In Forma Pauperis*) [12-cv-2001 (ADM/JJG) Doc. No. 3]. On August 30, 2012, Plaintiffs filed a Notice of Motion and Motion to Dismiss, stating "Plaintiffs acknowledge that this Complaint has only state law claims and voluntarily moves [*sic*] for dismissal without prejudice, so that this action can proceed in Minnesota state court. (Notice of Mot. and Mot. to Dismiss) [12-cv-2001 (ADM/JJG) Doc. No. 4].

On August 15, 2012, Plaintiffs filed suit in Ramsey County, Minnesota ("State Court Action").[2] *Georgina Stephens and Larry Alexander (a married couple) v. Fed. Nat'l Mortg.*

---

[1] For the reasons described in this Report and Recommendation, the Court does not consider that Plaintiffs made a proper motion to amend the complaint.

[2] Despite being filed in the Minnesota courts, their complaint contained a heading and caption from the District of Minnesota. (Notice of Lawsuit and Req. to Waive Service of a Summons ("State Court Compl."), Ex. A to Notice of Removal) [Doc. No. 1].

*Ass'n et al*, No. 62-cv-12-6798 (Minn. Dist. Ct.). The State Court Complaint alleged improper foreclosure in violations of Minnesota law, as well as a quiet title action. Count IV (Wrongful Forcible Eviction, Minn. Stat. 557.08-09) alleged that "Upon entry into the Subject Property *prior* to expiration of any purported redemption period, Fannie Mae directed its agent, Re/Max Results, 2100 Ford Parkway, St. Paul, Minnesota to forcibly enter the Subject Property." (State Ct. Compl. at 8 ¶ 40) (emphasis in original). There were no other references to Re/Max Results, nor was Re/Max Results listed as a Defendant in the State Court Action.

### B. Defendant's Removal Action was Proper

On September 24, 2012, Fannie Mae filed its timely Notice of Removal in this Court. (Notice of Removal) [Doc. No. 1]. Fannie Mae alleged that the District of Minnesota had jurisdiction of the basis of diversity of citizenship and that the amount in controversy was more than $75,000. 28 U.S.C § 1441 *et seq.*; (Notice of Removal at 3-4).

There is no dispute that Fannie Mae is a citizen of Washington, D.C. for purposes of 28 U.S.C §§ 1332 and 1441, and Plaintiffs are citizens of Minnesota. (*Id.*). The pleadings reveal that both parties agree that the amount in controversy exceeds $75,000.00. (State Ct. Compl. at 10 ¶ 3); (Notice of Removal at 3). Based on these facts, this Court has no doubt that removal action was proper.

### C. Plaintiffs' Motion to Remand and Add an Additional Party

Plaintiffs filed a motion to remand this case to Ramsey County on October 4, 2012. (Pls.' Mot. to Remand and Am. Compl. "Mot. to Remand") [Doc. No. 2]. Their motion also seeks to add North Metro Real Estate Inc., d/b/a Re/Max Results ("Re/Max"), as a party. (Mot. to Remand at 9). Plaintiffs allege that Re/Max is a Minnesota corporation, which (if true) could have implications for Fannie Mae's removal action.

## II. DISCUSSION

The fact that Plaintiffs did not appear at a hearing on their own motion is telling, and is itself be grounds to deny their motion to remand. In the interest of thoroughness, however, the Court examines their motion and Fannie Mae's response to determine whether there is any basis to grant their Motion to Remand.

### A. Plaintiffs' Motion to Add Re/Max is Not Properly Before the Court

Plaintiffs argue in their Memorandum that Re/Max should be joined as a party. Plaintiffs have not submitted a proper motion to the Court, and accordingly, the Court declines to construe their arguments as a motion to amend the Complaint.

In order to make a proper motion to amend the Complaint, parties must comply with the Local Rules governing non-dispositive motions and motions to amend. Here, Plaintiffs failed to comply with the meet-and-confer requirement of L.R. 7.1(a), failed to file the required supporting documents in compliance with L.R. 7.1(b)(1), and failed to file a proposed amended pleading in accordance with L.R. 15.1. Any purported motion to amend the Complaint and add Re/Max as a party is therefore denied.

### B. Plaintiffs' Motion to Remand Should be Denied

Fannie Mae's removal action is based on diversity of citizenship. Federal courts have jurisdiction over any civil matter between citizens of different states where the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). As noted above, the parties appear to agree that there is complete diversity of citizenship in this case currently, and that the amount in controversy is well over $75,000.00.

Plaintiffs seek to remand this case because unnamed and unidentified defendants may someday be joined to this action. They appear to assert that Fannie Mae is obliged to prove there is no party waiting in the wings whose joinder would destroy diversity. (Mot. to Remand at 5). "Fannie Mae does not sustain its burden in establishing federal subject-matter jurisdiction, justifying a remand order to the Ramsey County District Court. Significant in this discussion is the fact that Fannie Mae, as its identity is known was specially names, but it is only one of many potential defendants . . ." (*Id.* at 5-6).

As Fannie Mae correctly notes, however, the Supreme Court decided that "it is not incumbent on the named defendant to negate the existence of a potential defendant whose presence in the action would destroy diversity." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88 (2005). "Courts look to the facts as of the date an action is filed to determine whether or not diversity of citizenship exists between the parties." *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). The citizenship of fictitious defendants (John and Jane Doe, in this case) is disregarded during the diversity of citizenship analysis. 28 U.S.C. § 1441(b)(1). At all times, there has been complete diversity of citizenship among the parties to this case; Fannie Mae has no duty to hunt down potential new defendants who are citizens of Minnesota.

Having rejected Plaintiffs' arguments that Fannie Mae is somehow responsible for ensuring that no potential defendants exist, this Court can ascertain no other basis for remand. The question may be reexamined if a defendant whose citizenship destroys diversity is properly joined at some point in the future. For now, no such motion is before the Court.

### III. CONCLUSION

Plaintiffs' purported motion to amend the Complaint and add Re/Max as a party [Doc. No. 2] is not properly before the Court, and is therefore **DENIED**.

In addition, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion to Remand and Amend Complaint [Doc. No. 2] be **DENIED.**

Date: January 28, 2013

                                                   <u>*s/Steven E. Rau*</u>
                                                   STEVEN E. RAU
                                                   United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **February 11, 2013**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.